No. —

### First Circuit

### STEWART LBR. CO. v. AMACKER

(February 12, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. Louisiana Digest—Appeal—Par. 625; Evidence—Par. 351.

The finding of the trial court that the plaintiff had proved the case by preponderance of evidence, being clearly correct, is affirmed.

Appeal from the Parish of Washington. Hon. Prentice F. Carter, Judge.

Action by Stewart Lumber Company against C. F. Amacker.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Brock & Carter, of Franklinton, attorneys for plaintiff, appellee.

Ott & Rich, of Bogalusa, attorneys for defendant, appellant.

LECHE, J.  This suit is on an open account for lumber sold by plaintiff to defendant, and involves one hundred and forty-five and 54-100 dollars. Defendant, in his answer, denied his liability, but on the trial of the case acknowledged that he owed twenty-nine and 85-100 dollars of the amount claimed by plaintiff, and he accordingly made a tender of that amount with accrued costs in open court.

The other items of the account, which amount to one hundred and fifteen and 69-100 dollars, constitute the difference between the parties.

Defendant attempted, on the trial of the case, to show that one David R. Miller was the real purchaser of the lumber in dispute, and, with that end in view, he offered in evidence two contracts between himself and said Miller. The trial judge, upon objection, properly excluded these offerings as res inter alios acta, not binding upon plaintiff and therefore not pertinent to the issue.

The vice-president and manager of the plaintiff company testified that defendant had told him, in anticipation of the purchase of the lumber in dispute, that he would send Mr. Miller to get some lumber with which he wanted to build an office. Miller did come and he did buy the lumber, which was delivered at the place where the office was to be built. A salesman of plaintiff also inquired of defendant whether plaintiff should deliver the lumber ordered by Miller. It seems that plaintiff did not believe that Miller's credit was good and, for this reason, the salesman would not deliver until defendant had confirmed the order. The testimony of these two witnesses shows that the lumber was ordered by defendant and for defendant's own use and benefit. Defendant simply denies the truth of this testimony.

The trial judge believed plaintiff had proved its case by a preponderance of evidence, and we agree with him in this finding.

The judgment appealed from is, therefore, affirmed.